IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 17-CR-189 (JDB) |
| ) | |
| v.  ) | |
| ) | |
| ) | |
| ISSAC LANIER AVANT, ) | |
| ) | |
| Defendant.  ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States of America, by and through its undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual ("Guidelines" or "USSG"), respectfully files this Position of the United States with Respect to Sentencing of Defendant Issac Lanier Avant ("Avant" or "defendant").

**I.      INTRODUCTION**

For the reasons set forth below, the United States recommends that the Court accept the proposed plea agreement. Because the defendant was sentenced to approximately 4.5 months imprisonment in a related prosecution and the Guidelines range for this offense in zero to 6 months, the United States does not seek additional jail time for the defendant and has agreed to a sentence of an additional six months' probation, pursuant to F.R.C.P. 11(c)(1)(C). Such a sentence would be sufficient, and not greater than necessary, to accomplish the sentencing objectives identified in 18 U.S.C. §3553(a).

II.     **FACTUAL BACKGROUND**

On October 11, 2017, a grand jury returned a one-count Indictment charging the defendant with False Statements, in violation of 18 U.S.C.§ 1001(a)(2). On January 10, 2018, the government and the defendant signed a plea agreement. A plea hearing was scheduled for January 12, 2018, but because of some fairly unique factors in this case, the Court combined the plea hearing with the sentencing hearing and set it for February 5, 2018.

To put it succinctly, Issac Lanier Avant failed to file and pay all required federal income taxes for tax years 2008 to 2013; he also made a false statement related to tax compliance on a security clearance form in 2013. Because he lived in northern Virginia, venue for the tax fraud was in the Eastern District of Virginia. Avant made the false statement in September 2013 in the District of Columbia, and the venue for that offense was here.

In the related prosecution, Eastern District of Virginia Case No. 16-CR-385M-001 ("the EDVA case"), the defendant pleaded guilty to one count of willful failure to file a federal income tax return, a misdemeanor in violation of 26 U.S.C. § 7203. The sentence imposed in that case was 30 days of imprisonment; one year of supervised release, during which the defendant was ordered to serve every weekend in jail; and restitution to the Internal Revenue Service of $149,962. Given that the defendant will ultimately serve about 4.5 months in jail for his tax violations in the EDVA case, the government does not seek additional incarceration of the defendant for his violation of § 1001. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant agree that a sentence of six months' probation is appropriate here.

The pertinent facts are covered in the PSR and the PSR from the EDVA case, but this section will highlight the important conduct. Avant was the Chief of Staff for Representative

Bennie Thompson from 2002 until 2017.[1]  In December 2006, he began an additional position as Democratic Staff Director for the House Committee on Homeland Security.  In connection with this position, Avant sought and obtained a security clearance.

Avant's tax fraud began in May 2005, when he caused a Form W-4, Employee's Withholding Allowance Certificate, to be filed with the his employer, the U.S. House of Representatives, that claimed he was exempt from federal income taxes.  The defendant did not have federal tax withheld from his paycheck from May 2005 until the IRS mandated that his employer begin withholding federal tax from the defendant in January 2013. For calendar years 2008 through 2012, the defendant earned wages of approximately $170,000 per year; he did not timely file an income tax return for any of those years.

Because of his ongoing position on the House Committee on Homeland Security, Avant sought to have his security clearance renewed in 2013.  On September 18, 2013, Avant completed and submitted in the District of Columbia a "Questionnaire for National Security Positions" on a Form SF-86.  A section of the Form SF-86 deals with financial issues, and one question in that section asks, "In the past seven (7) years have you failed to file or pay Federal, state, or other taxes when required by law or ordinance?"  Avant answered "No."  Another question on the Form SF-86 asks, "In the past seven (7) years, [have] you had your wages, benefits, or assets garnished or attached for any reason?"  Avant failed to disclose that starting earlier that same year, the IRS began to take $1,500 per month out of his paycheck.  Another question on the Form SF-86 asks if "[y]ou are currently delinquent on any Federal debt." Avant answered no this question, despite the fact that he was well-aware of a significant debt to the IRS for tax year 2008, not to mention the fact he had not filed a tax return in over five

---

[1] According to news articles, Avant ended his positions as a Congressional aide in November 2017.

years or had any federal income tax withholding since 2005.  Avant signed the Questionnaire under the following certification:

> My statements on this form, and on any attachments to it, are true, complete, and correct to the best of my knowledge and belief and are made in good faith.  I have carefully read the foregoing instructions to complete this form.  I understand that a knowing and willful false statement on this form can be punished by fine or imprisonment or both (18 U.S.C. 1001).  I understand that intentionally withholding, misrepresenting, or falsifying information may have a negative effect on my security clearance, employment prospects, or job status, up to and including denial or revocation of my security clearance, or my removal and debarment from Federal service.

### III. THE NEED FOR JUST PUNISHMENT AND ADEQUATE DETERRENCE

The question before this Court is what sentence is sufficient to provide just punishment for this offense and adequate deterrence to other individuals who might be tempted to engage in similar conduct.  The defendant was sentenced to one month in jail and every weekend in jail for one year in the EDVA case.  After the grand jury indicted him in this case, he lost his high-level, well-paid position as a Congressional staffer.  His Guidelines range for the false statement offense is zero to six months and is in Zone A of the Sentencing Table.  The sentence he received in the EDVA case is above the middle of the Guidelines range applicable here.  Those who file false Forms SF-86 risk losing their federal positions (and are unlikely to gain future positions with the federal government), having to face the collateral consequences of a felony conviction, and the possibility of jail time.  Here, the defendant will have faced each of these consequences, including jail time that is towards the high end of the applicable Guideline range for this false statement offense.  A felony conviction and 4.5 months of jail time provides a deterrent message to would-be violators of § 1001 whop file false Forms SF-86.  The United States believes that taken together, the punishment the defendant received in the EDVA case along with the agreed

4

16238962.1

sentencing in the plea agreement here provide just punishment and adequate deterrence for the defendant's false statement offense.

## **CONCLUSION**

For the reasons stated, the government recommends that the Court accept the plea agreement and sentence the defendant to a term of six months' probation.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

By: _____/s/_____
Todd A. Ellinwood
Assistant Chief
U.S. Department of Justice, Tax Division

John P. Marston
Assistant U.S. Attorney